## THOMAS H. HASKELL *vs.* HENRY LAMBERT.

A promissory note, which states that it is " to be held as collateral security for the payment of " certain debts of third persons, is not negotiable, and an indorsee cannot maintain an action thereon, even if the objection that it is not negotiable is not made in the answer.

ACTION OF CONTRACT by the plaintiff as indorsee against the defendant as second indorser of the following promissory note :

" Boston, January 4th 1850. Six months after date I promise to pay to the order of myself twenty four hundred dollars, value received, to be held as collateral security for the payment of E. Boynton's note December 5th 6 months for $ 968.41 ; P. E. Webster's note September 7th 6 months for $ 257.72, and his acceptance December 11th 6 months for $ 178.10 ; M. Bartlett & Co.'s note, May 7th 6 months for $ 435.40 ; Wm. M. Jackson's note, November 5th 6 months for $ 562.59.

George Lambert."

No objection was made in the answer to the form of the note; but at the trial in the superior court of Suffolk at May term 1859, *Morton*, J. ruled that if all the facts necessary to make out his case were proved, the plaintiff could not maintain this action, because the instrument declared on was not a negotiable promissory note. A verdict was taken for the defendant, and the plaintiff alleged exceptions.

*T. Willey,* for the plaintiff.

*W. Brigham & J. M. Pinkerton,* for the defendant.

BIGELOW, C. J. The contract declared on is in legal effect a promise to pay a sum of money in six months after its date, if certain debts enumerated in it are not paid by the persons liable therefor. It is therefore not an absolute promise to pay money at all events, but only upon a contingency. Nor is it certain as to the sum which will be payable at its maturity. Being given as collateral security for certain specified debts, for which different persons are liable, the payment of any portion of such debts will reduce the amount *pro tanto* for which the defendant can be held upon his promise. It is therefore an agreement to pay the whole sum in a certain contingency, or such part thereof as may not be paid by certain other persons. In these particulars it lacks the essential qualities of a promissory note. It is a contingent promise, and the sum which will be due upon it at the expiration of six months is uncertain. A promise to pay money, not certain as to amount, and contingent upon a future event, is not regarded as negotiable, because it carries with it on its face notice of the contingency or uncertainty, and the holder or assignee must be bound by the stipulation, and must take it subject to all the equities. Although he may have paid full value for it, he cannot enforce it, except on the prescribed contingency, or for the amount which may at its maturity turn out to be due. Besides, it would essentially infringe on an established and salutary rule of law to hold a conditional or contingent promise to pay money valid, without requiring proof of consideration. The case at bar is very similar to *Robins* v. *May,* 11 Ad. & El. 213, and 3 P. & Dav. 147. See also Byles on Bills, (6th ed.) 71; *Cota* v. *Buck,* 7 Met. 589.

The contract not being negotiable, and there being no proof of any express promise by the defendant to pay to the plaintiff the amount of the note or any part of it, it is clear that the present action cannot be maintained, and that no amendment of the declaration can be made, under which the plaintiff would be entitled to recover. *Exceptions overruled.*